■ The People of the State of New York, Respondent, v Gary Handberry, Appellant. [929 NYS2d 737]—

The resentencing proceeding imposing a term of postrelease supervision was neither barred by double jeopardy nor otherwise unlawful (*see People v Lingle*, 16 NY3d 621 [2011]), and we do not find that term to be excessive. Concur—Saxe, J.P., Friedman, Acosta, DeGrasse and Abdus-Salaam, JJ.

■ The People of the State of New York, Respondent, v Bishme Ayers, Appellant. [929 NYS2d 736]—

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Saxe, J.P., Friedman, Acosta, DeGrasse and Abdus-Salaam, JJ.

■ The People of the State of New York, Respondent, v Luis G. Barbosa, Appellant. [929 NYS2d 786]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, Bronx County (Steven Lloyd Barrett, J.), rendered on or about September 25, 2009, and said appeal having been argued by counsel for the respective parties; and due deliberation having been had thereon, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Saxe, J.P., Friedman, Acosta, DeGrasse and Abdus-Salaam, JJ.